**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JENNIFER WATSON,

    Plaintiff,                                          CASE NO. 3:09-cv-60-J-34TEM

vs.

CABARET, INC., a Florida corporation
d/b/a Tiffany's, ANDRE RICHA,
RAIF RICHA, and NORMAN RICHA,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

This case has been referred to the undersigned for issuance of a Report and Recommendation on Plaintiff's Motion for Entry of Default Final Judgment Against Defendant Raif Richa (Doc. #31). The Defendant has not responded to the motion for default judgment. A hearing was held before the undersigned on February 16, 2012.[2] For the reasons stated herein, it is respectfully **RECOMMENDED** that the motion be **GRANTED** and Defendant Raif Richa be held jointly and severally liable with Defendant Cabaret, Inc. in the amount of $14,940.

### I. Background

Plaintiff filed her Complaint on January 23, 2009, and her First Amended Complaint on April 29, 2009 (Doc. #5; Amended Complaint). In both her original Complaint and her

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

Amended Complaint, Plaintiff seeks recovery of unpaid overtime wages and unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. and article X section 24 of the Florida Constitution.[3] The only change made by Plaintiff in the Amended Complaint is the addition of two defendants, Raif Richa and Norman Richa. As to the original Defendants, Cabaret and Andre Richa, all claims in the Complaint and Amended Complaint were identical.

Plaintiff alleges she was employed as a bartender by Defendants between February 2008 and July 2008, and during that time, Defendants paid her nothing for her minimum wages or overtime wages. Amended Complaint at 4. Additionally, she alleges that Defendant Raif Richa was (1) retained as a supervisor or officer of Cabaret, (2) involved in the day-to-day operations of Cabaret, and (3) oversaw the work of Plaintiff. *Id.* at 3. Plaintiff contends both Cabaret and Raif Richa fall within the definition of an enterprise engaging in interstate commerce under the FLSA, and that during her employment, she was engaged in interstate commerce. *Id.*

Defendant, Cabaret, was lawfully served with process of the Complaint on February 5, 2009 (Doc. #4), and Defendant Raif Richa was served with the Amended Complaint on May 15, 2009 (Doc. #7). Additionally, Plaintiff served the Amended Complaint on Cabaret in accordance with Rule 5. Because neither of these Defendants responded to the Amended Complaint in the time required, Plaintiff requested, and the Clerk of the Court entered, a default against Cabaret and Raif Richa (Doc. #9) on June 10, 2009.

---

[3] Count III of Plaintiff's Amended Complaint, the Florida Minimum Wage Amendment claim, was dismissed without prejudice pursuant to the Court's Order on December 13, 2010.

On September 8, 2009, Plaintiff filed a motion for entry of final default judgment against Caberet, Inc. and Raif Richa (Doc. #10).[4] On December 13, 2010, the Court granted default judgment in the amount of $14,940 (constituting $7,470 in actual damages and $7,470 in liquidated damages) against Cabaret, Inc.[5] The Court denied default judgment as to Raif Richa without prejudice. The Court noted Plaintiff had not provided an affidavit of military service in compliance with the Servicemembers Civil Relief Act ("SCRA").[6]

Plaintiff filed the instant motion on December 27, 2011 and included an affidavit from Plaintiff's counsel stating that Plaintiff was unable to determine whether Raif Richa was in military service, despite diligent efforts to do so (see Doc. #31-2). Plaintiff requests the Court enter default judgment as to Raif Richa, holding him jointly and severally liable with Cabaret, Inc. in the amount of $14,940 (constituting $7,470 in actual damages and $7,470 in liquidated damages). Plaintiff also requests the Court reserve jurisdiction to determine attorney's fees.

---

[4] On November 4, 2009, the Court ordered Plaintiff to show cause as to why the complaint against Andre Richa and Norman Richa should not be dismissed without prejudice for failure to prosecute (Doc. #12). On November 30, 2009, Plaintiff filed a response that despite diligent efforts, she had been unable to serve these two defendants within 120 days and took no position on whether the Court should dismiss them without prejudice (Doc. #13). The case was dismissed without prejudice as to Defendants Andre Richa and Norman Richa on December 2, 2009 (Doc. #14).

[5] In the Order, the Court declined to exercise supplemental jurisdiction over Count III of Plaintiff's Amended Complaint (see Doc. #19, at 7-12).

[6] Pursuant to § 521 of the SCRA, in any civil action in which a defendant fails to appear:

> [T]he court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit -
>
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. § 521(b)(1).

**II. Standard of Review**

Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default, and before entering a default judgement the Court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[7]; *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). In addition, a court must consider whether an evidentiary hearing on the question of damages is warranted. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematic calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary. *See Smyth*, 420 F.3d at 1232 n.13.

**III. Fair Labor Standards Act**

**A. Liability for Unpaid Overtime**

In Count I of the Amended Complaint, Plaintiff alleges Defendant Richa failed to pay her overtime wages for hours worked in excess of forty in a given workweek in violation of

---

[7] This case and all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

29 U.S.C. § 207. To prevail on a claim for payment of unpaid overtime under the FLSA, Plaintiff must establish: (1) that she was employed by Defendant Richa during the time period involved; (2) that she was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods or commerce; and (3) that Defendant Richa failed to pay the overtime required by law. *See* Eleventh Circuit Pattern Jury Instructions - Civil 1.7.1 (2005).

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

In the Amended Complaint, Plaintiff alleges that Defendant Raif Richa was (1) retained as a supervisor or officer of Cabaret, (2) involved in the day-to-day operations of Cabaret, and (3) oversaw the work of Plaintiff. Amended Complaint at 3. By defaulting, Defendant Richa has admitted the well plead allegations of the operative complaint. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. The allegations establish that Defendant Richa was a supervisor and/or officer of Cabaret involved in the day-to-day operations of Cabaret and who oversaw the work of Plaintiff. The allegations establish that Defendant Richa was Plaintiff's employer. In addition, the allegations establish that during the period in question, Defendant Cabaret was an enterprise engaged in interstate commerce, and that Plaintiff was engaged in interstate commerce. Lastly, the allegations establish Plaintiff, a bartender,

was a non-exempt employee who worked in excess of forty hours in a given workweek, and Defendant Richa failed to pay Plaintiff overtime wages for those hours. These allegations are sufficient to establish liability for unpaid overtime under the FLSA. In light of the foregoing, the Motion as to Defendant Richa's violation of the FLSA for failure to pay overtime wages is due to be granted.

**B. Liability for Unpaid Minimum Wages**

In Count II of the Amended Complaint, Plaintiff alleges Defendant Richa failed to pay her the statutory minimum wage for hours worked while in his employ in violation of 29 U.S.C. § 206. To prevail on a claim for payment of unpaid minimum wages under the FLSA, Plaintiff must establish: (1) that she was employed by Defendant Richa during the time period at issue; (2) that she was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods or commerce; and (3) that Defendant Richa failed to pay the minimum wages required by law. *See* Eleventh Circuit Pattern Jury Instructions - Civil 1.7.1 (2005).

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel,* 803 F.2d at 637-38 (quoting *Donovan*, 712 F.2d at 1511). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

In the Amended Complaint, Plaintiff alleges that Defendant Raif Richa was (1) retained as a supervisor or officer of Cabaret, (2) involved in the day-to-day operations of

Cabaret, and (3) oversaw the work of Plaintiff. Amended Complaint at 3. By defaulting, Defendant Richa has admitted the well plead allegations of the operative complaint. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. The allegations establish that Defendant Richa was a supervisor and/or officer of Cabaret involved in the day-to-day operations of Cabaret and who oversaw the work of Plaintiff. The allegations establish that Defendant Richa was Plaintiff's employer. In addition, the allegations establish that during the period in question, Defendant Cabaret was an enterprise engaged in interstate commerce, and that Plaintiff was engaged in interstate commerce. Lastly, the allegations establish Plaintiff, a bartender, was an employee who worked forty hours in a given workweek, to whom Defendant Richa failed to pay the statutory minimum wage for those hours. These allegations are sufficient to establish liability for unpaid minimum wages under the FLSA. In light of the foregoing, the Motion as to Defendant Richa's violation of the FLSA for failure to pay minimum wages is due to be granted.

## IV. Damages

The damages provision of the FLSA states, "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). In addition to any judgment awarded to the plaintiff, section 216(b) provides the court shall award reasonable attorney's fees or costs. *Id.*

In granting the motion for entry of default judgment as to Defendant Cabaret, this Court found Plaintiff established she is due to be awarded actual damages of $7,470.00, representing unpaid minimum wages and overtime compensation, and an equal amount

in liquidated damages, for a total of $14,940.00 in damages.[8] As a supervisor and/or officer involved in the day-to-day operations of Defendant Cabaret, and who oversaw the work of Plaintiff, Defendant Raif Richa is an employer along with the corporation, and is thus jointly and severally liable under the FLSA for Plaintiff's unpaid minimum wages and unpaid overtime compensation. *Patel*, 803 F.2d at 637-38; 29 U.S.C. § 203(d).

## V. Conclusion

Accordingly, upon due consideration, the undersigned respectfully **RECOMMENDS** Plaintiff's Motion for Entry of Default Final Judgment Against Defendant Raif Richa (Doc. #31) be **GRANTED**; Defendant Raif Richa be held jointly and severally liable with Defendant Cabaret in the amount of $14,940.00; and the Court reserve jurisdiction to determine reasonable attorney's fees and costs.

**DONE AND ENTERED** at Jacksonville, Florida, this 16th day of February, 2012.

*/s/ Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Hon. Marcia Morales Howard
Counsel of Record
*Pro Se* Parties, if any

---

[8] The Court found Plaintiff, who submitted a sworn declaration stating she worked approximately fifty hours per week for twenty weeks, is entitled to the 2008 Florida state minimum wage of $6.79 per hour for the first forty hours worked for each of the twenty weeks ($5,432.00), and $10.19 per hour for the ten hours per week in excess of forty hours for those twenty weeks ($2,038.00) (*see* Doc. #19, Court Order, at 12).